**UNITED STATES COURT OF APPEALS**
**Filed 10/3/96**
**TENTH CIRCUIT**

IN RE:  CHARLES R. HOFFMEISTER, also known as Rick Hoffmeister, doing business as Hoffmeister's Carpet Cleaning; and COLLEEN C. HOFFMEISTER,

Debtors,

------------------------------

CHARLES R. HOFFMEISTER, also known as  Rick Hoffmeister, doing business as Hoffmeister's Carpet Cleaning; and COLLEEN C. HOFFMEISTER,

Appellants,

v.

SUPER CHIEF CREDIT UNION,

Appellee,

------------------------------

WILLIAM H. GRIFFIN,

Trustee.

No. 96-3079

D. Kansas

(D.C. No. 95-CV-4088)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Charles R. and Colleen Hoffmeister appeal the district court's order affirming the bankruptcy court's ruling that certain casualty insurance proceeds were property of the Chapter 13 bankruptcy estate. They contend that the district court erred in finding that the proceeds were not entitled to an exemption as proceeds of exempt property. We affirm.

The relevant facts, fully set forth in the district court's opinion, are undisputed. In re Hoffmeister, 191 B.R. 875 (D. Kan. 1996). On January 29, 1993, the Hoffmeisters filed a Chapter 13 petition. They claimed an exemption for a 1988 Chevrolet Beretta valued at $2,600, and they listed Super Chief Credit Union ("Credit Union") as the holder of an $8,000 lien. In an agreed order of valuation, the bankruptcy court found that Credit Union had a perfected security interest in the car, and that the debtors must pay it the sum

of $2,600 plus interest.[1]  On April 6, 1993, the bankruptcy court entered an order confirming the debtors' Chapter 13 plan.  Appellants' App. at 1-2.

In 1994, a hailstorm damaged the car.  The insurance company issued a check for $1,101.36, payable jointly to the Hoffmeisters and Credit Union.  At that time, according to the terms of the Chapter 13 plan, the Hoffmeisters still owed Credit Union $338.56.  The Hoffmeisters tendered the insurance check to Credit Union, proposing that Credit Union take the $338.56 owed under the plan and return the remaining $762.80 to the Hoffmeisters who intended to use it to pay their federal taxes.  Credit Union rejected the proposal, insisting that the entire check be deposited with the Chapter 13 Trustee who would first pay Credit Union on its secured claim, and then use the balance to pay unsecured general creditors.

The Hoffmeisters filed a "Motion to Determine Distribution of Proceeds of Exempt Property."  The bankruptcy court concluded that, since the Hoffmeisters did not intend to use the insurance proceeds to repair their car, the money was nonexempt property which must be distributed to creditors under the Chapter 13 plan.  Appellant's App. at 5.  Affirming on slightly different grounds, the district court distinguished the treatment of exemptions under Chapter 13 from their treatment under Chapter 7.[2]  The

[1]Neither the petition, nor the agreed order of valuation, nor the confirmed plan are part of the record on appeal.

[2]The district court noted that the significance of exemptions is greatly diminished under Chapter 13 where the debtors' fresh start is assured by their retention of non-
(continued...)

district court correctly noted that 11 U.S.C. § 1306 brings into the estate all property

which the "'debtor acquires after the commencement of the case but before the case is

closed, dismissed, or converted.'" Hoffmeister, 191 B.R. at 878. Therefore, the district

court concluded that, as property which the debtors acquired after commencement of the

case, the insurance proceeds were part of the estate pursuant to § 1306.[3]

The parties contest the legal conclusions which the bankruptcy court and the

district court drew from the undisputed facts. We review such legal conclusions de novo.

Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir. 1994).

Citing 11 U.S.C. § 541 which provides that the bankruptcy estate includes all of

the debtor's legal or equitable property interests as of the commencement of the case,

Hoffmeisters acknowledge that the car became property of the estate on the date they

---

[2](...continued)
disposable income, and where the debtors may keep possession of all their property, exempt or not, in exchange for paying their creditors out of future disposable income. By contrast, in a liquidation under Chapter 7, it is the debtors' retention of exempt assets that assures their fresh start. In re Hoffmeister, 191 B.R. at 877 n.1 (citing In re Schnabel, 153 B.R. 809, 817 (Bankr. N.D. Ill. 1993)).

[3]Additionally, the district court noted that 11 U.S.C. § 1327 provides that "the confirmation of a plan vests all of the property of the estate in the debtor" unless "otherwise provided in the . . . order confirming the plan," and it observed that the bankruptcy court's order confirming the Hoffmeisters' plan specifically provided otherwise. Hoffmeister, 191 B.R. at 878. That is, according to the bankruptcy court's order, Appellants' App. at 2, none of the estate property revests in the Hoffmeisters until approval of the trustee's final report and account, which approval had not occurred at the time the insurance check was issued. Thus, the district court reasoned that the order confirming the plan effectively prevented the car from revesting in the Hoffmeisters, and as an alternative holding, the court found that insurance proceeds which covered damage to estate property belonged to the estate. Id. at 878-79.

filed their Chapter 13 petition. However, they contend that the car was automatically exempted from the bankruptcy estate under 11 U.S.C. § 522(l), which provides that debtor(s) may file a list of property that they claim as exempt, and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Id., see Taylor v. Freeland & Kronz, 503 U.S. 638, 643 (1992) (holding listed property to be absolutely exempt when no objection is made in Chapter 7 proceedings, even when no legal basis exists for the claimed exemption).

Hoffmeisters concede that Kansas case law exempts proceeds from exempt property only if they are reinvested in exempt property.[4] Appellants' Br. at 6 (citing Independence Savings & Loan Ass'n v. Sellars, 88 P.2d 1059 (1939)). However, they argue that the state rule is irrelevant in the bankruptcy context, where properly exempted assets are withdrawn from the estate. They contend that, regardless of state law, the estate has no interest in withdrawn assets or in proceeds related to them. Id. at 7 (citing In re Rutherford, 73 B.R. 665 (Bankr. W.D. Mo. 1986)).

We agree with the bankruptcy court and the district court, that the bankruptcy cases cited by the Hoffmeisters are not controlling. Not only do they concern estates under Chapter 7 rather than Chapter 13; they do not address state law requirements for extending exemption to proceeds. With limited exceptions, a Chapter 7 estate is fixed as

---

[4]Since the Hoffmeisters do not dispute it, we do not review the bankruptcy court's ruling that, under nonbankruptcy Kansas law, property must retain its exempt character to receive protection from creditors.

of the date of filing, while § 1306(a)(1) expands a Chapter 13 estate to include "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case." See Calder v. Job (In re Calder), 973 F.2d 862, 864-66 (10th Cir. 1992).

Even if the car were automatically revested in the debtors under § 522, the insurance proceeds are clearly property of the kind specified in § 541, which Hoffmeisters acquired after they filed their bankruptcy petition. Those proceeds do not automatically follow the car. Rather, § 1306 brings them under the court's jurisdiction, so that any claim of exemption must be determined at the time of acquisition.

Section 522 allows the states to "opt out" of the federal exemption list, in which case state or local law will control the availability of exemptions.[5] 11 U.S.C. §§ 522(b)(1), 522(b)(2)(A); Kulp v. Zeman (In re Kulp), 949 F.2d 1106, 1107 (10th Cir. 1991). Kansas has opted out of the federal list. See Kan. Stat. Ann. §§ 60-2312. Accordingly, Kansas law governs the availability of any exemption in the proceeds of exempt personal property. See In re Sipka, 149 B.R. 181, 182 (D. Kan. 1992). Kansas law requires that such proceeds be reinvested in exempt property to retain their exempt

---

[5]In such a case, we have upheld an exemption in proceeds under applicable state law, but only after specifically noting that the state's requirement for extending the exemption was satisfied. Region 12 Revolving Loan Fund Corp. v. Raymond (In re Raymond), 987 F.2d 675, 676-77 (10th Cir. 1993) (citing Colo. Rev. Stat. § 38-41-207 which preserves an exemption in the proceeds of the sale of a homestead for one year so long as they are used to acquire another home, and holding that the exemption extended to the proceeds from the postpetition sale of a homestead where the bankrupt debtor intended to purchase another home within the period). See also Englander v. Mills (In re Englander), _____ F.3d ____, 1996 WL 498851 at *3 (11th Cir. Sept. 19, 1996) (No. 94-2823) (applying Florida case law to allow an exemption and allocation of proceeds which are reinvested in new homestead); Winchester v. Watson (In re Winchester), 46 B.R. 492, 494 (Bankr. 9th Cir. 1984) (applying Oregon law to disallow a claimed exemption in the proceeds of the sale a homestead, because the proceeds were not reinvested in another homestead within the statutory period).

character.  Since the Hoffmeisters have indicated that they intend to use the proceeds for a nonexempt purpose, they are not entitled to an exemption.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge