Damian Garcia MATOS, a/k/a Damian Garcia, a/k/a D. Garcia, a/k/a D. Garcia Matos, Debtor.

Damian Garcia Matos, Appellant,

v.

Alejandro Oliveras Rivera, Chapter 13 Trustee, Appellee.

BAP No. 11–074.
Bankruptcy No. 10–10289–ESL.

United States Bankruptcy Appellate Panel for the First Circuit.

Sept. 26, 2012.

Juan M. Suárez Cobo, Esq., San Juan, PR, and Manuel Casellas, Esq., on brief for Appellant.

Miriam D. Salwen Acosta, Esq., Hato Rey, PR, on brief for Appellee.

Before BOROFF, DEASY, and BAILEY, United States Bankruptcy Appellate Panel Judges.

DEASY, Bankruptcy Judge.

Damian Garcia Matos (the "Debtor") appeals from the bankruptcy court's order sustaining the chapter 13 trustee's (the "Trustee") objection to the exemption he claimed in an income tax refund (the "Refund"), and the order denying his motion for reconsideration. The Debtor contends that it was error to sustain an exemption objection that was based upon an unrelated statute governing plan confirmation. For the reasons set forth below, we conclude that the Trustee failed to sustain his burden in objecting to the exemption and therefore, **REVERSE.**

## *BACKGROUND*

In October 2010, the Debtor filed a chapter 13 petition, along with his schedules and Statement of Financial Affairs. On his Schedule B, the Debtor listed the Refund with a value of $9,424.00. He further described it as follows:

> Estimated accumulated excess tax paid to P.R. Treasury Department during 2010, that will normally be refunded to debtor. We are taking refund for 2009 as reference.

On Schedule C, he claimed an exemption in the Refund under § 522(d)(5).[1] At the time of the bankruptcy filing, the Debtor had not yet filed his income tax return for 2010 as the calendar year had not yet concluded.

In November 2010, the Debtor filed a chapter 13 plan, which he amended two weeks later. Both versions provided the following with respect to tax refunds:

**TAX REFUNDS:** Income Tax refunds will be devoted each year, as periodic payments, to the plan's funding until plan completion. The tender of such payments shall deem the plan modified by such amount, increasing the base thereby without the need of further notice, hearing or Court order. In [sic] need be for the use by debtor(s) of a portion of such refund, debtor(s) shall seek Court's authorization prior to any use of funds.

The Trustee filed an objection to the Debtor's claim of exemption in the Refund (the "Objection"). As grounds, the Trustee argued that it was not property of the estate because, as of the petition date, the Debtor was not yet entitled to receive a tax refund for the 2010 tax year. The Trustee also opposed the exemption on the grounds that it was inconsistent with the Debtor's proposal to pay into the plan the tax refunds received during the life of the plan. Finally, the Trustee argued that "tax refunds received during the life of the plan, including the one for the 2010 tax period is disposable income [ ] to be devoted into the plan as per the chapter 13 case of *In re Padilla,* Bankruptcy No. 07–07495–ESL."[2]

In March 2011, the Debtor filed an amended Schedule B, to amend the value of the Refund to $9,269.00. The Debtor did not file an amended Schedule C. On that same day, the Debtor filed another amended plan (the "March Plan"), proposing to increase his plan payments by applying that portion of the Refund that was

---

1. Unless expressly stated otherwise, all references to "Rule" or "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure. All references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),

Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.*

2. *See In re Padilla,* No. 07–07495 ESL, 2009 WL 2898837 (Bankr.D.P.R. Jun. 23, 2009) (sustaining plan objection and ruling future tax refunds were projected disposable income pursuant to § 1325).

attributable to post-petition income.[3] In addition, the March Plan provided:

> **TAX REFUNDS:** Income Tax refunds, that have not been exempted and thus property of the estate, will be devoted each year, as periodic payments, to the plan's funding until plan completion. The tender of such payments shall deem the plan modified by such amount, increasing the base thereby without the need of further notice, hearing or Court order. In [sic] need be for the use by debtor(s) of a portion of such refund, debtor(s) shall seek Court's authorization prior to any use of funds.

The Debtor then filed an opposition to the Objection. He first argued that the Refund constituted property of his estate, and therefore was properly included on Schedule B. He also asserted that there was no inconsistency between the plan provisions and the claimed exemption, because the March Plan provided that all *non-exempt* tax refunds would be paid into the plan. Finally, the Debtor argued that the March Plan complied with *In re Padilla*, because it provided for payment of all "future" tax refunds that accumulate during the life of the plan. According to the Debtor, the Refund was properly exempted and he was not required to fund the March Plan with the exempt funds.

On March 16, 2011, the bankruptcy court issued an order sustaining the Objection (the "Exemption Order"). The bankruptcy court reasoned as follows:

> In a Chapter 13 case all property and earnings acquired by the debtor after the commencement of the case but before the case is closed, dismissed or converted is property of the estate. 11 U.S.C. § 1306. Post petition tax refunds are income of the debtor and property of the estate while the debtor is in chapter 13. When the trustee or an unsecured creditor object [sic] the confirmation of the plan, the debtor must provide all of the projected disposable income during the applicable commitment period to fund the plan. 11 U.S.C. § 1325(b)(1). The income tax refunds, as projected disposable income, are subject to the deductions in sections 1325(b)(2, 3), but may not be exempt as the same are not property of the estate under 11 U.S.C. § 541(a). Exempt property may be retained by the debtor and generally is not liable for any prepetition debt. In a chapter 13 case the post petition income, less applicable expenses, may not be retained by the debtor but must be paid to fund the plan. If debtor would prevail on the claimed exemption, then the court would have to deny confirmation for failure to meet the requirements of section 1325(b)(1) as the debtor would not be providing all of its disposable income to fund the plan. Such a result is not consonant with BAPCPA's intent to have chapter 13 debtors pay as much as they can to creditors. Consequently, the trustee's objection to exemptions is hereby granted.

On March 29, 2011, the Debtor filed a motion to alter or amend the Exemption Order (the "Reconsideration Motion"), arguing that the Trustee had not provided any valid reasons to support the Objection and the bankruptcy court sustained the same simply because otherwise it would have to deny confirmation of the plan. The Debtor argued that the bankruptcy court's reasoning was problematic because the Trustee had not filed an objection to

---

**3.** The Debtor asserts that $1,545.00 was the prorated amount of the 2010 tax refund that was attributable to post-petition earnings.

confirmation, and even if the bankruptcy court raised an objection sua sponte, the Debtor was not given an opportunity to respond. The Debtor asserted that the Trustee's arguments related not to the validity of the Debtor's exemption but rather to the Trustee's potential objection to plan confirmation and that the former did not have any impact on the latter.

In response, the Trustee filed an objection to confirmation of the March Plan, arguing that it failed the disposable income test set forth in § 1325(b). He also filed an opposition to the Reconsideration Motion, arguing that it did not meet the strict standard for relief under Fed.R.Civ.P. 59(e). In addition, the Trustee argued that an analysis of the applicable legal principles mandated a conclusion that the Refund constituted income of the Debtor and that it was improper for a chapter 13 debtor to claim an exemption in income.

On June 8, 2011, the Debtor filed another amended plan (the "June Plan") which provided for the application of the entire amount of the Refund to his plan payments and also provided that non-exempt tax refunds would be applied to fund the plan. He also filed a response to the Trustee's objection to confirmation of the March Plan, asserting that the June Plan resolved the concerns raised by the Trustee. Thereafter, the Trustee filed a favorable recommendation for confirmation of the June Plan, based upon his understanding that the Reconsideration Motion and the Trustee's opposition thereto were now moot.

On June 22, 2011, the bankruptcy court held a hearing on confirmation of the June Plan, the Reconsideration Motion, and the Trustee's objection thereto. At the hear-

ing, the parties noted that although the June Plan provided for the entire amount of the Refund to be devoted to the plan and the issue was essentially moot, the Debtor still desired a ruling on the Reconsideration Motion. It was for only this reason that the Trustee had amended his recommendation regarding plan confirmation to an unfavorable one.[4]

Addressing the Reconsideration Motion, the Debtor argued that his interest in the Refund existed on the petition date because at that time, there was already an "overpayment of taxes." Moreover, the Debtor asserted that the Refund was not post-petition income because he earned the income pre-petition and the Refund was simply a refund of an overpayment of taxes. He urged the bankruptcy court not to confuse cash with income, arguing that just because property can be converted to cash does not make it income. Conversely, the Trustee argued that it is well established that tax refunds are income, pointing to *In re Padilla*. He also argued that because this case was filed on October 10, 2010, and the Debtor had not yet filed a tax return for 2010 due to the remaining months in the calendar year, the Debtor was not entitled to a refund as of the petition date and, therefore, could not claim it as exempt. At the conclusion of the hearing, the bankruptcy court took the Reconsideration Motion under advisement, and continued the hearing on confirmation of the June Plan.

On September 14, 2011, the bankruptcy court issued an order stating simply that "Trustee's sur-reply to Debtor's motion to supplement oral argument & objection to confirmation (docket # 78) is hereby granted" (the "Reconsideration Order").[5] This appeal followed.

---

**4.** The Trustee filed this amendment within hours after filing the favorable recommendation. In the amendment, the Trustee withdrew his objection to the March Plan. The

Trustee has not filed a comparable objection to the June Plan.

**5.** Although the bankruptcy court did not expressly deny the Reconsideration Motion,

## JURISDICTION

Before addressing the merits of an appeal, the Panel must determine that it has jurisdiction, even if the issue is not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998). The Panel has jurisdiction to hear appeals from: (1) final judgments, orders, and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). A bankruptcy court's order granting or denying a debtor's claimed exemption is a final order. See *Stornawaye Fin. Corp. v. Hill (In re Hill)*, 387 B.R. 339, 345 (1st Cir. BAP 2008), *aff'd*, 562 F.3d 29 (1st Cir.2009); *Aroesty v. Bankowski (In re Aroesty)*, 385 B.R. 1, 3 (1st Cir. BAP 2008); *Hildebrandt v. Collins (In re Hildebrandt)*, 320 B.R. 40, 42–43 (1st Cir. BAP 2005). Moreover, an order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits. See *Schwartz v. Schwartz (In re Schwartz)*, 409 B.R. 240, 245 (1st Cir. BAP 2008); *Eresian v. Koza (In re Koza)*, 375 B.R. 711, 716 (1st Cir. BAP 2007). As the Exemption Order and Reconsideration Order meet these criteria, the Panel has jurisdiction over this appeal.[6]

## STANDARD OF REVIEW

Appellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See Lessard v. Wilton–Lyndeborough Coop. School Dist.*, 592 F.3d 267, 269 (1st Cir.2010). There are no disputed facts involved in the bankruptcy court's decision to sustain the Objection; therefore, the Panel's review of the Exemption Order is *de novo*. *See, e.g., Pasquina v. Cunningham (In re Cunningham)*, 513 F.3d 318, 323 (1st Cir.2008); *Newman v. White (In re Newman)*, 428 B.R. 257, 261 (1st Cir. BAP 2010); *In re Hill*, 387 B.R. at 345; *In re Hildebrandt*, 320 B.R. at 43. The Panel's review of the Reconsideration Order is for abuse of discretion. *See In re Koza*, 375 B.R. at 717 (citing *Mariani–Giron v. Acevedo–Ruiz*, 945 F.2d 1, 3 (1st Cir. 1991)). A bankruptcy court abuses its discretion if it ignores a material factor deserving of significant weight, relies upon an improper factor, or makes a serious mistake in weighing proper factors. *See id.* (citations omitted).

## DISCUSSION

On appeal, the Debtor first claims it was error to sustain the Objection by ruling that the Refund is property of the estate under § 1306 rather than § 541. The Debtor further claims that it was error to rule that he cannot exempt the Refund, particularly given the facts of this case and the provisions of the June Plan. According to the Debtor, the Refund is a pre-petition asset of the bankruptcy estate which he should be able to exempt under § 522(d)(5) free from a projected disposable income analysis under § 1325(b).[7]

---

both parties treat the Reconsideration Order as such an order.

**6.** We note that the June Plan does not render the matter on appeal moot thereby depriving us of jurisdiction. While the June Plan purports to include the Refund in its entirety, the bankruptcy court has not confirmed the June Plan and the Debtor could amend the same.

As such, the issue of whether the bankruptcy court erred in sustaining the Objection is not moot.

**7.** Section 1325(b)(1) provides, in part, that:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve

## I. Property of the Estate

■ In a chapter 13 proceeding, property may become property of the estate through two separate provisions of the Bankruptcy Code. Section 541 defines what is, and is not, property of the estate as of the date the bankruptcy petition is filed. See 11 U.S.C. § 541(a)(1) (providing bankruptcy estate is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case."). "Section 541 is construed broadly to bring in any and all of the debtor's property rights within the bankruptcy court's jurisdiction and the umbrella of protections granted by the Bankruptcy Code, and to promote the goal of equality of distribution." *Abboud v. The Ground Round, Inc. (In re The Ground Round, Inc.)*, 335 B.R. 253, 259 (1st Cir. BAP 2005) (citing *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)), aff'd, 482 F.3d 15 (1st Cir.2007). Section 541 only applies to the interests of a debtor in property as of the petition date, subject to the three inapplicable limited exceptions in § 541(a)(5).

Any interest in property, described in § 541, that a chapter 13 debtor acquires post-petition becomes property of the estate under § 1306, including any "earnings from services performed by the debtor." 11 U.S.C. § 1306(a)(1) & (a)(2). Property included in the bankruptcy estate by § 1306, however, is *"in addition* to the property specified in section 541." 11 U.S.C. § 1306(a) (emphasis added).

■ The Supreme Court has ruled that tax refunds arising from pre-petition earnings or losses are generally considered property of the estate under § 541, as they are "sufficiently rooted in the bankruptcy past" and do "not relate conceptually to future wages and it is not the equivalent of future wages." *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (rejecting a chapter 7 debtor's claim under the Bankruptcy Act that a tax refund on pre-petition earnings received postpetition were part of the debtor's fresh start); *see also Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (ruling tax refund from loss-carryback refund claims on account of taxes paid pre-petition was property of the chapter 7 estate). Although *Segal* and *Kokoszka* were both decided under the Bankruptcy Act, the results have not changed under the Bankruptcy Code.[8] Thus, and as the

---

the plan unless, as of the effective date of the plan—
    (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
    (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan.
11 U.S.C. § 1325(b)(1).

**8.** *See, e.g., In re Meyers*, 616 F.3d 626, 628 (7th Cir.2010) ("Courts have recognized that tax refunds received after the petition may, in some cases, represent pre-petition assets and thus are part of the bankruptcy estate"); *Benn v. Cole (In re Benn)*, 491 F.3d 811, 813 (8th Cir.2007) ("A debtor's anticipated tax refund, to the extent it is attributable to events occurring prior to the filing of the petition for bankruptcy, is part of the bankruptcy estate."); *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1518 (10th Cir.1991) ("The pre-petition portion of the refund essentially represents excessive tax withholding which would have been other assets of the bankruptcy estate if the excessive withholdings had not been made"); *Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir.1982) (although *Segal* was decided under the Bankruptcy Act, it applies to the Bankruptcy Code; tax refunds are property of estate); *In re OBrien*, 443 B.R. 117, 131 (Bankr.W.D.Mich.2011) ("In a case that involves a tax refund, the right to receive the refund has accrued as of the filing date, even if the amount is unknown

Trustee concedes on appeal,[9] a debtor's right to a tax refund that originates from pre-petition earnings is property of the bankruptcy estate even when a debtor files for bankruptcy before the end of the tax year.

■ All tax refunds received by a chapter 13 debtor *after* the bankruptcy filing are also property of the estate pursuant to § 1306(a). *See In re LaPlana*, 363 B.R. 259, 262 (Bankr.M.D.Fla.2007) ("A debtor's future federal income tax refund is easily included in the comprehensive definition of 'property of the estate' under ... §§ 541(a) and 1306(a) and (b)"). Therefore, "[a] tax refund is property of the Chapter 13 estate under 11 U.S.C. §§ 541(a) and 1306(a) whether it accrues before or after the petition." Keith M. Lundin & William Brown, *Chapter 13 Bankruptcy, 4th Edition*, § 236.1 (2004); *see also In re Schiffman*, 338 B.R. 422, 429 (Bankr.D.Ore.2006) (recognizing both pre- and post-petition tax refunds as property of the chapter 13 estate).

Accordingly, the Refund is property of the estate. On appeal, however, the Trustee argues that this conclusion does not alter the outcome because any tax refund received after the commencement of a chapter 13 case is disposable income that must be paid into the plan pursuant to § 1325(b) and, therefore, it cannot be subject to a claim of exemption. The Debtor disagrees.

## II. The Exemption and the Objection

■ To facilitate the "fresh start" and to protect dependents, a debtor may exempt certain property from the bankruptcy estate under applicable federal or state law. *See* 11 U.S.C. § 522(b). The Bankruptcy Code establishes the types of property debtors may claim as exempt as well as the maximum value of the exemptions a debtor may claim in certain assets. See § 522(b) and (d). An exemption claim is prima facie valid, and will be excluded from the bankruptcy estate, absent a timely objection. *See Shamban v. Perry (In re Perry)*, 357 B.R. 175, 178 (1st Cir. BAP 2006). As the party objecting to the validity of a claimed exemption, the Trustee had the burden of proving that the Debtor was not entitled to exempt the Refund. See Fed. R. Bankr.P. 4003(c); *see also McNeilly v. Geremia (In re McNeilly)*, 249 B.R. 576, 579 n. 9 (1st Cir. BAP 2000).

The Debtor claimed an exemption in the Refund pursuant to § 522(b)(5). Section 522(d)(5) allows a debtor to claim a general exemption of up to $1,150 ($2,300 in joint cases), plus up to $10,825 ($21,650 in joint cases) of any unused portion of the homestead exemption. *See* 11 U.S.C. § 522(d)(5). This is commonly called the "wild card" exemption because it can be used to protect any kind of property whatsoever.

In the Objection, the Trustee raised three arguments. First, the Trustee argued that because the Debtor was not yet entitled to receive a tax refund for the

---

and the refund is actually received postpetition."); *United States v. Johnson (In re Johnson)*, 136 B.R. 306, 309 (Bankr.M.D.Ga.1991) ("The fact that the refund amount does not become fixed until the end of the tax year does not limit the broad sweep of [§ ] 541(a) of the Bankruptcy Code").

**9.** The Trustee conceded this issue in his appellate brief. However, in the same paragraph of his brief, the Trustee asserted that

notwithstanding the statute under which property enters the estate, if a debtor receives a tax refund post-petition, it is disposable income which a debtor must apply to the chapter 13 plan pursuant to § 1325. The Trustee's argument fails to address any difference between receipt of income earned post-petition and the post-petition receipt of proceeds of pre-petition assets.

2010 tax year as of the petition date, the Refund was not property of the estate subject to a claim of exemption. As explained above, this argument is unavailing because it is contrary to long established Supreme Court precedent and was abandoned by the Trustee at oral argument. Second, the Trustee asserted that the Debtor's claimed exemption should not be allowed as it was inconsistent with his proposal to pay into the plan the tax refunds received during the life of the plan. This, too, is unavailing as the Debtor has volunteered to apply all of the Refund toward the June Plan.

Lastly, the Trustee argued that "tax refunds received during the life of the plan, including the [Refund] is disposable income [ ] to be devoted into the plan as per the chapter 13 case of *In re Padilla,* Bankruptcy No. 07–07495–ESL." Although it did not address the first two arguments, in the Exemption Order the bankruptcy court agreed with the Trustee's final argument, concluding that the Debtor could not exempt the Refund because it constituted "disposable income" that he was required to pay into the plan pursuant to §§ 1322(a)(1) and 1325(b)(1)(B). Both below and on appeal, the Debtor argues that the bankruptcy court erred in considering and adopting the Trustee's arguments, because the issue before the court was the validity of an exemption and not confirmation of his plan.

In support, the Debtor relies on *Schwab v. Reilly,* —— U.S. ——, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), for the proposition that there are only three factors a bankruptcy court can apply to evaluate an objection to a claimed exemption. This Panel, however, recently stated that: *"Schwab* ... stands for the ... limited proposition that the time limits for objecting to an exemption do not apply if the claimed exemption is valid on its face," and the three factors are directed to trustees who are considering whether to object to an exemption. *See Massey v. Pappalardo (In re Massey),* 465 B.R. 720 (1st Cir. BAP 2012).

That is not to say, however, that the bankruptcy court's consideration of § 1325(b) was appropriate under the facts of this case. Consideration of issues raised in § 1325(b), a statute addressing whether a chapter 13 debtor is devoting all projected disposable income to the plan, arises only after the trustee or the holder of an allowed unsecured claim *objects to the plan. See* 11 U.S.C. § 1325(b) (emphasis added). Although the Trustee had not filed a plan objection by the time he filed the Objection, perhaps he raised the issue of projected disposable income in the Objection based upon case law that explains that by objecting to an exemption, the issue is preserved until a plan objection is filed. *See, e.g., In re Springer,* 338 B.R. 515, 519 (Bankr.N.D.Ga.2005) (holding that reviewing courts can consider whether exempt property is disposable income if objecting party files timely objection to debtor's exemption claim); *In re Stephens,* 265 B.R. 335, 338 n. 1 (Bankr.M.D.Fla.2001) (noting that an objecting party's timely objection to debtor's exemption claim preserves the issue of whether exempt property constitutes disposable income); *In re Graham,* 258 B.R. 286, 292 n. 1 (Bankr. M.D.Fla.2001) (ruling exempt asset could not be included in disposable income but explaining "rule may not control situations where an objection to a claimed exemption has been timely filed.").

Even if an exemption objection based on § 1325(b) were a necessary placeholder, a procedural issue not before us, it would serve to reserve the issue until the chapter 13 trustee or unsecured creditor interposes an objection to the proposed plan. In this

case, because the Trustee had not filed an objection to the March Plan, he had not activated the provisions of § 1325(b) by the time the bankruptcy court ruled on the Objection. Accordingly, at the time the court ruled on the Objection, the issue of whether the Debtor was devoting all of his projected disposable income to the March Plan was a hypothetical argument unrelated to whether the Debtor was entitled to claim an exemption in the Refund.

This conclusion is highlighted, as the Debtor has urged, by the facts in this case. By the time the Trustee filed an objection to the March Plan, after the Debtor sought reconsideration of the Exemption Order, the March Plan contained a general pledge of all non-exempt tax refunds and a specific pledge of the prorated portion of the Refund attributable to post-petition earnings. Thereafter, the Debtor filed the June Plan in which he provides for payment of the full amount of the Refund. As

a result, even if the Trustee were to file an objection to confirmation of the now pending June Plan on the basis that it did not comply with § 1325(b), the objection would be unnecessary and moot as there would be no unaccounted for disposable income.

Because an objection based upon § 1325(b) was not ripe when the bankruptcy court issued the Exemption Order and we can discern no other basis upon which the Trustee objected to the Debtor's exemption in the Refund, the Trustee failed to sustain his burden with respect to the Objection and the Exemption Order cannot stand.[10] *See, e.g., Boyajian v. Vargas (In re Vargas),* 2012 WL 2450170, *3–4 (1st Cir. BAP Jun. 8, 2012).[11]

### III. Motion for Reconsideration

In his Motion for Reconsideration, the Debtor sought to alter or amend the Exemption Order pursuant to Fed. R.Civ.P. 59(e) ("Rule 59(e)"), which is

---

**10.** Having so concluded, we need not decide whether the Debtor was entitled to claim an exemption in the portion of the Refund that was related to post-petition income and became property of the estate under § 1306. *Compare In re Aristondo,* 11–14550PM, 2011 WL 4704218, *2 (Bankr.D.Md. Oct. 4, 2011) (ruling because § 522(b) refers to § 541 and not § 1306, any after-acquired income or earnings could not be subject to a claim of exemption); *and In re Thurston,* No. 99–11836, 2007 WL 1860892 (Bankr.D.Mass. June 27, 2007) (explained debtor had "not pointed to any provision in the Bankruptcy Code for exempting property that becomes property of the estate under section 1306, . . .") *with Hoffmeister v. Super Chief Credit Union (In re Hoffmeister),* 98 F.3d 1349, 1996 WL 560797, *2 (10th Cir.1996) ("Rather, § 1306 brings [the insurance proceeds] under the court's jurisdiction, so that any claim of exemption must be determined at the time of acquisition."); *and In re Brown,* 260 B.R. 311, 314 (Bankr.M.D.Ga.2001) (explaining chapter 13 debtor entitled to exempt § 1306 property).

**11.** This conclusion is further highlighted by the many courts that have considered a plan

objection based on § 1325(b) and exempted estate property. *See In re Andrade,* No. 10–10444, 2011 WL 1559241, *2, 2011 Bankr.LEXIS 1637, *5 (Bankr.D.R.I. Mar. 16, 2011) (citing cases); *see also Stuart v. Koch (In re Koch),* 109 F.3d 1285, 1289 (8th Cir. 1997) (ruling exempt worker's compensation benefits should be included in disposable income); *Freeman v. Schulman (In re Freeman),* 86 F.3d 478, 481 (6th Cir.1996) (income tax refund exempt under state law was disposable income); *Hagel v. Drummond (In re Hagel),* 184 B.R. 793, 797 (9th Cir. BAP 1995) (exempt disability payments were disposable income); *In re Mobley,* 11–49079, 2011 WL 6812551 (Bankr.E.D.Mich. Dec. 1, 2011) (ruling exempt personal injury lawsuit proceeds were not disposable income); *In re Baden,* 396 B.R. 617 (Bankr.M.D.Pa.2008) (given earlier judicial majority and the lack of specific deviation in BAPCPA, court ruled unemployment compensation must be included). As the issue of whether exempt estate property must be included in projected disposable income based on a § 1325(b) objection is not before us, we need not opine on these rulings.

made applicable to bankruptcy proceedings by Bankruptcy Rule 9023. Reconsideration of a judgment under Rule 59(e) is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. *In re Schwartz,* 409 B.R. at 250.

 "To meet the threshold requirements of a successful Rule 59(e) motion, the motion 'must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision.' " *Id.* (citations omitted). The moving party cannot use a Rule 59(e) motion to cure its procedural defects or to offer new evidence or raise arguments that could and should have been presented originally to the court. *Id.* (citations omitted). In order to be successful on a Rule 59(e) motion, the moving party must establish a manifest error of law or fact or must present newly discovered evidence. *Id.* (citations omitted); *see also Kansky v. Coca–Cola Bottling Co. of New Eng.,* 492 F.3d 54, 60 (1st Cir.2007). Rule 59(e) motions are generally denied because of the narrow purpose for which they are intended. *Id.*

The Trustee argues that the Debtor failed to meet his burden under Rule 59(e) because he "failed to discuss, much less elaborate, what is the manifest error of law that warrants the reversal of the Order granting appellee's objection to exemptions and of the Order denying appellant's motion for reconsideration." The Debtor, however, argued that it was error to sustain the Objection because the ruling was premised upon a projected disposable income analysis of the March Plan despite the lack of a plan objection having been filed. We agree with the Debtor and therefore conclude that the bankruptcy court abused its discretion in denying reconsideration.

### CONCLUSION

For the reasons set forth herein, we **REVERSE** the Exemption Order and Reconsideration Order.