Reuben Haddock RIVERA,
a/k/a Reuben Haddock
III Rivera, Debtor.

Reuben Haddock Rivera, Appellant,

v.

ASUME and Alejandro Oliveras Rivera,
Chapter 13 Trustee, Appellees.

BAP No. PR 12–036.
Bankruptcy No. 12–00341–ESL.

United States Bankruptcy Appellate Panel
of the First Circuit.

Feb. 19, 2013.

Jesus Santiago Malavet, Esq., on brief for Appellant.

Migda Liz Rodríquez Collazo, Esq., on brief for Appellee, ASUME.

Before HILLMAN, BOROFF, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

The debtor, Reuben Haddock Rivera, appeals the bankruptcy court's order denying his request for relief from the order dismissing his chapter 13 case and prohibiting him from filing another case for 18 months. We **AFFIRM**.

## BACKGROUND

In January 2012, the debtor filed a petition for chapter 13 relief with schedules and a plan in the United States Bankruptcy Court for the District of Puerto Rico. This was his third attempt at such relief. His first petition, filed in 2009, was dismissed after confirmation because of his failure to make child support payments. His second petition, filed in 2010, was dismissed on similar grounds. *Administracion para el Sustento de Menores* (known as "ASUME"), the agency responsible for enforcing child support obligations in Puerto Rico, was active in the two prior cases. ASUME filed a proof of claim in the current case for outstanding child support in the amount of $46,155.00, asserting this debt to be a domestic support obligation ("DSO") as defined in § 101(14A).[1]

The trustee held open the first meeting of creditors to allow the debtor to file tardy state and federal tax returns and supply the trustee with copies of those

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 37. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

returns by a fixed deadline. The trustee also asked the debtor to furnish amended schedules and other information including evidence of his post-petition child support payments by the same deadline. The debtor failed to comply with all of these requests and the trustee moved to dismiss the case. ASUME objected to confirmation of his plan because of the debtor's failure to make post-petition child support payments.

Following the confirmation hearing, the bankruptcy court entered the following order: "Upon debtor's failure to appear at this hearing, failure to file tax returns as required by section 1308, failure to make any post petition DSO payments, and debtor being a repeat filer, the case is hereby dismissed with a bar to refiling for a period of eighteen (18) months." The debtor did not appeal. Instead, after the appeal period lapsed, he asked the bankruptcy court to reconsider under Rule 60(b)(1) and (6).

Emphasizing the excusable neglect aspect of Rule 60(b)(1), the debtor averred: he was prejudiced by the dismissal order; the delays attributable to his conduct were minor; he lacked awareness of a duty to supply the trustee with copies of his tax returns; he was current with his DSO payments; he was surprised by ASUME's objection to confirmation; and he had acted in good faith. He also asserted: his co-parent had lost custody of their minor child; he had given copies of his tax returns to the trustee; his attendance at the confirmation hearing was not mandatory; and he had filed only two prior bankruptcy petitions, not four.

ASUME opposed the debtor's request for relief, emphasizing: his poor payment history; the bad faith implications of his prior bankruptcy filings; and the insignifi-

cance of his co-parent's actual custody of the minor child. With respect to excusable neglect, ASUME stated: it had been prejudiced by the debtor's conduct; the delays had a negative impact on ASUME and the integrity of the bankruptcy system; the misconduct of the debtor was within his control; and the debtor had shown an overall lack of good faith.

The bankruptcy court entered the following order without a hearing:

> The motion filed by Debtor requesting reconsideration of dismissal (docket # 23) is hereby denied. The dismissal order is final and debtor has not shown excusable neglect. Moreover, the court agrees with the opposition by ASUME (dkt. # 25).

This appeal followed.

The debtor specified only the order denying Rule 60(b) relief in his notice of appeal; however, from his statement of issues and arguments we infer that he is attacking that order and the underlying order dismissing his chapter 13 case. ASUME supported both orders in its opposing brief.[2]

## JURISDICTION

We are authorized to hear and determine appeals from final judgments, orders, and decrees with the consent of all parties and, when it is appropriate, we may review interlocutory orders and decrees. *See* 28 U.S.C. §§ 158(a), (b), and (c). Both parties have consented to our jurisdiction. Further, by implication, with ASUME's acquiescence, the debtor has asked us to review both orders. Nonetheless, we must assay our jurisdiction before proceeding on the merits.

We begin our analysis with the question of finality. The order dismissing

---

**2.** We have proceeded on the briefs because the parties have waived oral argument. The

chapter 13 trustee was named as an appellee, but he did not file a brief.

a chapter 13 case is a final order because it leaves nothing open for determination. *See Sullivan v. Solimini (In re Sullivan)*, 326 B.R. 204, 210 (1st Cir. BAP 2005). For that reason, and because it too leaves nothing open, the order denying Rule 60(b) relief is a final order. *See Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Vázquez)*, 471 B.R. 752, 758 (1st Cir. BAP 2012).

 Our second and more nettlesome concern relates to the timing of the appeal. To be timely, a notice of appeal must be filed within 14 days of the entry of an order. *See* Fed. R. Bankr.P. 8002(a). This period may be extended by the filing of a motion under Bankruptcy Rules 7052, 9023, or 9024 within the same 14 days. *See* Fed. R. Bankr.P. 8002(b). Here, the debtor did not file a notice of appeal from the dismissal order within 14 days of the entry of that order and he did not file any motion that would have extended the period for taking an appeal from that order.[3] Because these time limits are "mandatory

and jurisdictional," we lack jurisdiction to review the order dismissing the chapter 13 case. *See Aguiar v. Interbay Funding, LLC (In re Aguiar)*, 311 B.R. 129, 134 (1st Cir. AP 2004) (internal citations omitted). The notice of appeal relates exclusively to the order denying Rule 60(b) relief. It was filed within 14 days of that order. Our review will be limited to that order.[4]

### STANDARD OF REVIEW

 A bankruptcy court's decision to deny relief from an order is reviewed for abuse of discretion. *Garcia Matos v. Oliveras Rivera (In re Garcia Matos)*, 478 B.R. 506, 511 (1st Cir. BAP 2012). We have explained that review of a bankruptcy court's broad discretion with respect to the denial of a Rule 60(b) motion should be undertaken "with 'the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.'" *Roman v. Carrion (In re Rodriguez Gonzalez)*, 396 B.R. 790, 802 (1st Cir. BAP 2008) (quoting

**3.** Rule 60(b) is applicable in bankruptcy proceedings through Bankruptcy Rule 9024. A motion brought under Rule 60(b)(1) is timely if brought no more than a year after the entry of the underlying order and a motion under Rule 60(b)(6) may be brought within a reasonable time. *See* Fed.R.Civ.P. 60(c). But, because the debtor did not bring his Rule 60(b) motion within 14 days of the entry of the dismissal order, his request did not extend the time for appealing that order. *See* Fed. R. Bankr.P. 8002(b)(4). Consequently, the time for appealing that order lapsed before this appeal was taken.

**4.** In reaching this result, we are mindful of the cases in the First Circuit that permit the review of an underlying final judgment when, as here, it may be fairly inferred that the appellant intended to appeal more than just the order specified in the notice of appeal. *See, e.g., Marie v. Allied Home Mortgage Corp.* 402 F.3d 1, 8 (1st Cir.2005); *Zukowski v. St. Lukes Home Care Program*, 326 F.3d 278, 283 n. 4 (1st Cir.2003); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 15 n. 5 (1st Cir.1997); *Bellas*

*Pavers, LLC v. Stewart (In re Stewart)*, No. MB 12–017, 2012 WL 5189048, at *4 (1st Cir. BAP Oct. 18, 2012). But those cases turned upon a request for post-judgment relief under Rule 59. Rule 59 is applicable in bankruptcy proceedings through Bankruptcy Rule 9023. Unlike a Rule 60(b) motion, a Rule 59 motion in a bankruptcy case may not be brought with effect after 14 days. If timely, a Rule 59 motion will extend the time for appealing the underlying judgment until the entry of the order disposing of the motion. *See* Fed. R. Bankr.P. 8002(b)(2) and (3). Thus, with respect to a Rule 59 motion, the underlying judgment will not become a final judgment until the entry of the order disposing of the motion. For this reason, an appellate court faced with a notice of appeal from an order disposing of a timely Rule 59 motion may extend its review to the underlying judgment without exceeding its jurisdiction. This result may not occur on an appeal from an order disposing of a Rule 60(b) motion unless that motion is filed within 14 days of the underlying judgment.

*Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002)). "A bankruptcy court abuses its discretion if it ignores a material factor deserving of significant weight, relies upon an improper factor, or makes a serious mistake in weighing proper factors." *In re Garcia Matos*, 478 B.R. at 511 (citation omitted).

## DISCUSSION

Rule 60(b)(1) and (6) provide:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; ...

(6) any other reason that justifies relief.

■ The debtor fails to argue mistake, inadvertence, or surprise. His primary focus is the bankruptcy court's failure to acknowledge that his pre-dismissal failures fell within the excusable neglect standard.

In addressing excusable neglect, we have previously explained:

The "excusable neglect" determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. [380] at 395 [113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)]; *see also Bennett v. City of Holyoke*, 362 F.3d 1, 5 (1st Cir.2004). The factors a court can consider include: the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395 [113 S.Ct. 1489]. The most important factor in this test is the reason for the delay;

the movant must provide a satisfactory explanation. *Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir.2001); *EnvisioNet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 (D.Me. 2002). The First Circuit has repeatedly upheld findings of "no excusable neglect" in the absence of unique or extraordinary circumstances. *Id.*

*Morse v. Earle (In re Earle)*, No. RI 08–014, 2008 WL 8664763, at *5 (1st Cir. BAP Nov. 18, 2008) (footnote omitted).

An evidentiary hearing might be required to establish the findings of fact necessary for a conclusion of excusable neglect. *See Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 199 (8th Cir. BAP 1997). But here, because the debtor's arguments offered no basis for excusable neglect even if taken as true, there was no need for an evidentiary hearing.

The debtor's assertion that he was prejudiced by the dismissal order is way off the mark. The prejudice factor to be measured is prejudice to the opposing party, not the one seeking relief. His assertion that the delays were minor contains within it an acknowledgment that the delays occurred. The bankruptcy court's assessment that the delays were significant was based upon the circumstances of the case and it was not unreasonable. No plausible reasons for the delays were offered by the debtor and the reasons he gave were not beyond his own control. The history known to the bankruptcy court suggests a reasonable basis for the determination that the debtor lacked good faith. All of the debtor's arguments, when taken together, did not provide a satisfactory explanation for his failures of compliance; and, most significantly, they did not construct a unique or extraordinary excuse for his conduct. Moreover, the debtor would

have made no showing of excusable neglect even if his additional assertions were taken as true; namely, that: his co-parent had lost custody of their minor child; he subsequently gave copies of his tax returns to the trustee; his attendance at the confirmation hearing was not mandatory; and he had filed two prior bankruptcy petitions, not four.

The debtor made only passing mention of Rule 60(b)(6) in his motion for relief, and did not develop this argument in his brief. On this basis, we could conclude that the debtor has waived the issue. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990). But giving the debtor the benefit of the doubt, we will consider this aspect of his appeal. *See Valley Citizens for a Safe Env't v. Aldridge,* 969 F.2d 1315, 1317 (1st Cir.1992).

▮ To establish an entitlement to relief under Rule 60(b)(6), one must demonstrate extraordinary circumstances and be faultless in the delay at issue. *See Claremont Flock Corp. v. Alm,* 281 F.3d 297, 299 (1st Cir.2002) (explaining if movant is partly to blame, movant must seek relief under (b)(1)); *see also In re Rodriguez Gonzalez,* 396 B.R. at 803 (noting extraordinary circumstances exist "where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought."). The debtor has failed to meet this burden.

### CONCLUSION

The bankruptcy court did not abuse its discretion in denying relief under Rule 60(b)(1) and (6). Accordingly, we **AFFIRM.**