Janice W. STEVENSON, Debtor.

Janice W. Stevenson, Appellant,

v.

Carolyn Bankowski, Chapter 13 Trustee, and Neighborhood House Charter School, Appellees.

BAP No. MB 08–037.
Bankruptcy No. 03–12304–JNF.

United States Bankruptcy Appellate Panel of the First Circuit.

Feb. 10, 2009.

Janice W. Stevenson, pro se, on brief for Appellant.

Carolyn A. Bankowski, Esq. and Patricia A. Remer, Esq., on brief for Appellee, Carolyn Bankowski, Chapter 13 Trustee.

Lynn A. Kappelman, Esq., and Barry J. Miller, Esq., on brief for Appellee, Neighborhood House Charter School.

Before HAINES, KORNREICH, and TESTER, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

Following the dismissal of this chapter 13 case, Carolyn Bankowski, chapter 13 trustee ("Trustee"), asked the bankruptcy court for an order directing her to disburse the undistributed plan payments made by the debtor, Janice W. Stevenson ("Debtor"), to the holder of an administrative claim for sanctions, or, alternatively, to the holders of allowed claims under the Debtor's confirmed plan. The Debtor objected and asked that the undistributed funds be refunded to her. Despite adequate notice, the Debtor failed to appear at the hearing. For that reason alone, her request for a refund was denied. For the same reason, and others, the Trustee was directed to disburse the undistributed funds to the holder of the administrative claim. The Debtor appealed. We affirm.

## BACKGROUND

The Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code in 2003.[1] Her plan was confirmed after several amendments. During the adminis-

---

1. The Debtor commenced this chapter 13 case prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, Title III, § 302, 119 Stat. 23 (2005). Accordingly, unless expressly stated otherwise, all references to the "Bankruptcy Code" or to statutory sections herein are to the Bankruptcy Re-

tration of the bankruptcy case the Debtor worked at Neighborhood House Charter School ("NHCS").[2] Her time there spawned acrimonious litigation in the federal district court that spilled over into the bankruptcy court. The Debtor's forays against NHCS in the bankruptcy court left NHCS holding an unpaid administrative claim for sanctions totaling $1,700.00.[3]

Steadfast in her refusal to accept the legitimacy and finality of NHCS's administrative claim, the Debtor ignored the bankruptcy court's suggestion that she pay NHCS over the life of an amended plan.[4] Instead, after months of resistance, she tendered a lump sum payment to the Trustee in an effort to resuscitate and complete her pre-sanction plan.[5] She then asked the bankruptcy court to "exclude" the sanctions and grant her a discharge. The bankruptcy court deemed her exclusion request to be an unsupported motion for reconsideration of the sanction orders and denied it. Thereafter, the Trustee's long-standing motion to dismiss the Debtor's case was granted.[6]

Upon the dismissal of the case the Trustee held undistributed plan payments in the amount of $1,267.21. She concluded that the Debtor was not entitled to a refund because the amount on hand was less than NHCS's administrative claim and less than the sum required to satisfy allowed claims under the Debtor's pre-sanction plan. However, the Trustee did not know whether the money should go to NHCS or the holders of allowed claims under the pre-sanction plan. She blamed her uncertainty on the Debtor's failure to file an amended plan treating NHCS as the holder of an administrative claim. To resolve her dilemma, the Trustee asked the bankruptcy court for an order directing her to disburse the money to NHCS or, alternatively, for an order directing her to distribute the money according to the pre-sanction plan.

The Debtor objected to the Trustee's request for directions and asked that the

---

form Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" shall be to the Federal Rules of Civil Procedure.

2. We say "worked" because the limited record before us shows that she could have been an employee or an independent contractor. Her actual status while at NHCS has no direct bearing on this appeal.

3. NHCS received a $500.00 award because the bankruptcy court determined that Debtor's motion for protection, grounded on bankruptcy discrimination under § 525, was frivolous. No appeal of that award was taken by the Debtor. NHCS also received an award of $1,200.00 arising out of the Debtor's motion in the bankruptcy court to quash a subpoena issued by the federal district court. That motion, grounded on the automatic stay and bankruptcy discrimination, was deemed to be frivolous and baseless. The Debtor's appeal

of the order on the motion to quash was dismissed.

4. Upon awarding the sanctions, the bankruptcy court issued the following order on the Trustee's motion to dismiss:

The Debtor shall file an amended Chapter 13 Plan by 1/19/2007. *The Debtor may treat any sanctions imposed against her as priority claims under 11 U.S.C. §§ 503, 507(a)(2), and 1322(a)(2) and pay them over the life of the plan.*
(emphasis supplied).

5. The amount of the lump sum payment was $1,129.99, that being the amount of money the Debtor believed would fulfill her obligation to fund a 3.8% dividend to the holders of allowed claims under the pre-sanction plan. The record leaves us with uncertainty as to whether or not the Trustee accepted that tender. But that question is not before us.

6. The Debtor's appeal of the dismissal order was dismissed.

undistributed funds be returned to her.[7] Despite notice, the Debtor failed to appear at the hearing on the competing requests. A separate order was entered on each request. Both were dated May 1, 2008. The order on the Debtor's request for a refund stated: "The Debtor failed to appear at the hearing. The Motion is denied." ·The Trustee's request was granted as follows:

> The debtor did not appear at the hearing. Pursuant to 11 U.S.C. Sec. 349(b)(3), the Court rules that under the circumstances of this case, the funds currently held by the Chapter 13 Trustee should not revest in the Debtor. The Court orders the Trustee to disburse such funds, less the Trustee's commission, to the Neighborhood House Charter School toward payment of its priority claim, particularly since the claim represents a sanction imposed on the Debtor by the Court for filing frivolous pleadings.

The Debtor appealed.

### JURISDICTION

 The Panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted).

Each of the two orders from which this appeal may have been taken is a final order. *See Caterpillar Fin. Servs. Corp. v. Braunstein (In re Henriquez)*, 261 B.R. 67, 70 (1st Cir. BAP 2001) (a bankruptcy judge's order is final if it completely resolves all of the issues pertaining to a discrete claim); *see also Tringali v. Hathaway Machinery Co., Inc.*, 796 F.2d 553, 558 (1st Cir.1986) (same) (citations omitted).

### STANDARD OF REVIEW

Since there are no facts in dispute, we will apply *de novo* review to the bankruptcy court's legal conclusions. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995).

### DISCUSSION

**I. The Decision on Appeal.**

 The notice of appeal simply refers to "the order of May 1, 2008" even though two orders on the disbursement of the undistributed funds were entered on that date. Each order disappointed the Debtor. One denied the Debtor's demand for a refund. The other one overruled the Debtor's objection and granted the Trustee's request for an order directing her to disburse the funds to NHCS. Together those orders formed a composite decision on the merits of the disposition of the undistributed funds.[8] We will review that composite decision. "[O]ur precedents encourage us to construe notices of appeal liberally and examine them in the context of the record as a whole. *See, e.g., Kotler*

---

7. The Debtor's objection and refund request were premised upon her ongoing refusal to acknowledge the legitimacy and finality of NHCS's administrative claim. She also asserted that the Trustee had refused to accept her tender of payment under her confirmed plan. *See* footnote 5 above.

8. Actually, the composite decision went beyond resolving the dispute between the Trustee and the Debtor. By implication, it also selected NHCS as the recipient of the funds over the holders of allowed claims under the pre-sanction plan. There is nothing before the Panel that would alter that outcome.

v. Am. Tobacco Co., 981 F.2d 7, 11 (1st Cir.1992). That function proceeds with a recognition that the core purpose of a notice of appeal is to 'facilitate a proper decision on the merits.' " Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir.2002) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

## II. The Debtor's Arguments.

The decision below was based upon the Debtor's failure to appear at the hearing and the bankruptcy court's application of § 349(b)(3). But neither of those bases have been challenged by the Debtor on appeal. Her arguments relate primarily to the legitimacy and finality of the orders granting the sanction awards and the causal effect of those orders on the dismissal of her chapter 13 case.[9] None of those orders are before us on this appeal and, for that reason, we are precluded from reviewing them. Nonetheless, we will review the orders comprising the bankruptcy court's decision, de novo, to determine if there is a basis upon which those orders may be affirmed.

## III. The Debtor's Failure to Appear at the Hearing.

■ The Debtor has offered no justification for her failure to appear at the hearing. At oral argument, she acknowledged that she had received notice; that she simply forgot to appear; and that her experiences in court provided her with an awareness that a failure to appear could have dire consequences. For those reasons, her pro se status did not excuse her absence. See United States v. Enron

Corp. (In re Enron Corp.), 364 B.R. 482, 488 (S.D.N.Y.2007) ("Even if appellant was a more traditional pro se litigant, such a status does not excuse him from complying with court rules.").

■ Generally, a motion may be denied for failure to prosecute when a movant fails to appear at the scheduled hearing. See, e.g., In re Hoskins, 266 B.R. 872, 875 (Bankr.W.D.Mo.2001); In re V&M Mgmt., Inc., 215 B.R. 895, 905 (Bankr.D.Mass. 1997) (denying motion for failure to prosecute as to five movants who failed to appear at hearing). Similarly, bankruptcy courts have often held that a party who wishes to prosecute an objection must appear at the hearing or the objection is deemed waived or abandoned. See, e.g., Advantage Healthplan, Inc. v. Potter, 391 B.R. 521, 553 n. 16 (D.D.C.2008) (overruling objections based on an objector's failure to appear and prosecute the objection at the hearing); In re Trans World Airlines, Inc., 185 B.R. 302, 311 n. 7 (Bankr. E.D.Mo.1995); Lee Servicing Co. v. Wolf (In re Wolf), 162 B.R. 98, 104 (Bankr. D.N.J.1993) (plaintiff's objection to plan confirmation overruled for failure to prosecute because the plaintiff failed to appear at the confirmation hearing).

The Debtor has failed to present any reason why those general rules should not apply in this instance. Therefore, we hold that the bankruptcy court did not err in rendering its rulings against the Debtor on the basis of her failure to appear. Since the Debtor's failure to appear is a sufficient basis upon which to affirm both orders underlying the decision on the merits,

---

9. In that effort, the Debtor suggested that the bankruptcy court, as an Article I court, lacked standing to interfere with her "Article III complaint." We have chosen not to tackle that question. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445,

108 S.Ct. 1319, 99 L.Ed.2d 534 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitution questions in advance of the necessity of deciding them.").

we will end our review at this point without addressing the bankruptcy court's reliance on § 349(b)(3).[10]

## IV. NHCS' Request for Award of Fees and Costs Under Bankruptcy Rule 8020

NHCS has made a request for reasonable attorneys' fees and double costs incurred in connection with this appeal pursuant to Bankruptcy Rules 8014[11] and 8020.[12]

 We have authority under Bankruptcy Rule 8020 to award damages and single or double costs against a party for a frivolous appeal. However, when such an award is requested by a party, that party must comply with the requirements of the rule, including the requirement that the request be contained in a "separately filed motion or notice from the ... bankruptcy appellate panel...." *See Maloni v. Fairway Wholesale Corp. (In re Maloni)*, 282 B.R. 727, 734 (1st Cir. BAP 2002) (citing to Bankruptcy Rule 8020).

NHCS has failed to meet the separate motion requirement of the Bankruptcy Rule 8020. Its request is denied.

## V. The Debtor's Standing Based upon Chapter 7.

The Trustee has raised the question of the Debtor's standing to prosecute this appeal because the Debtor commenced a case under chapter 7 after the dismissal of the chapter 13 case and after the filing of this appeal. The Trustee's argument is that the Debtor's interest in the undistributed chapter 13 funds, to the extent she may have one as a consequence of this appeal, would be an asset of the chapter 7 estate to be pursued by the chapter 7 trustee.

While we have no reason to doubt the facts asserted by the Trustee, we are not prepared to accept them as part of the record on appeal. For that reason, this standing question is beyond the scope of our current consideration.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the bankruptcy court's decision to deny the Debtor's request for a refund of the undistributed plan payments and

10. Section 349(b)(3) provides: *"Unless the court, for cause, orders otherwise,* a dismissal of a case ... revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3) (emphasis supplied). Although the sanction awards provide ample cause for the order directing the undistributed plan payments to NHCS, it is doubtful that those funds were vested in the Debtor immediately before the commencement of the case. The greater likelihood is that those plan payments became property of the estate during the case. *See* 11 U.S.C. §§ 541(a)(7) and 1306. If so, the applicability of § 349(b)(3) would be in doubt. Yet, beyond the Debtor's failure to appear, there are grounds for sustaining the bankruptcy court's decision. As the holder of an allowed administrative claim, NHCS would have been entitled to priority treatment and payment in full under the Debtor's pre-sanction confirmed plan. *See* 11 U.S.C. §§ 1322(a)(2) and 1326(a)(2).

11. Bankruptcy Rule 8014 provides that costs shall be taxed against a losing party unless it is otherwise ordered or agreed. Nothing is before the Panel that would alter that outcome.

12. Bankruptcy Rule 8020 provides:

If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

grant the Trustee's request to disburse those funds to NHCS.

The request of NHCS for attorneys' fees and costs under Bankruptcy Rule 8020 is **DENIED.**