**Carmen Ines Rosado RAMOS,**
**a/k/a Carmen I. Rosado**
**Ramos, Debtor.**

**Carmen Ines Rosado Ramos, Appellant,**

v.

**Rafael A. Ortiz Negron, Appellee.**

**BAP No. PR 13–005.**
**Bankruptcy No. 12–00327–BKT.**

United States Bankruptcy Appellate Panel for the First Circuit.

Oct. 22, 2013.

Carlos C. Alsina–Batista, Esq., on brief for Appellant.

Roberto Figueroa Carrasquillo, Esq., on brief for Appellee.

Before DEASY, KORNREICH, and BAILEY, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

The sole issue on appeal is whether the trustee's abandonment of the debtor's residence deprived the bankruptcy court of jurisdiction to determine the debtor's motion to avoid a judgment lien under 11 U.S.C. § 522(f).[1] The bankruptcy court ruled that the abandonment deprived it of jurisdiction. The debtor appeals that order and the order denying her request for reconsideration. We **VACATE** both orders and **REMAND** the case for further proceedings consistent with this opinion.

### BACKGROUND

In 2007, Rafael A. Ortiz Negron recorded a judgment lien in the amount of $105,502.17 in the Puerto Rico land registry against Carmen Ines Rosado Ramos. Sometime later, pursuant to a state court

---

1. Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.,* as amended ("the Bankruptcy Code").

order annulling the lien, a release of lien was recorded in the land registry. In November 2011, the state court restored Ortiz Negron's lien.

Rosado commenced a voluntary chapter 7 case in January 2012, in the United States Bankruptcy Court for the District of Puerto Rico. She listed her residence on her bankruptcy schedules with a current value of $280,000.00, subject to a mortgage in the amount of $425,130.50 and an exemption in the amount of $21,625.00. She also listed Ortiz Negron as the holder of an unsecured claim in the amount of $105,502.17. The trustee saw no value for the estate in the residence and abandoned it. Thereafter, Ortiz Negron asked the bankruptcy court for relief from stay to re-record his restored lien as if it had not been annulled. Rosado objected to his request, and coupled her objection with her request under § 522(f) to avoid Ortiz Negron's lien. Concluding that it lacked jurisdiction of the residence because it was no longer property of the estate, the bankruptcy court determined that both Ortiz Negron's motion for relief from stay and Rosado's opposition were moot.[2]

A short time later, Rosado filed her second request for lien avoidance under § 522(f). Ortiz Negron asserted lack of jurisdiction and res judicata as defenses. The bankruptcy court denied Rosado's second request for lack of jurisdiction. She asked for reconsideration under Fed. R. Bankr.P. 9023 (which incorporates Fed. R.Civ.P. 59(e)), arguing that the bankruptcy court's decision was based upon an error of law. Concluding that Rosado had failed to show either a manifest error of

law or newly discovered evidence, the bankruptcy court denied her request.

Rosado appeals the order denying her second § 522(f) request and the order denying reconsideration.

### JURISDICTION

Pursuant to 28 U.S.C. § 158(a)(1) and (b) we are authorized to hear appeals from final orders. *See Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). Both the § 522(f) order and the order denying reconsideration are final because neither leaves anything open for subsequent determination. *See Garcia Matos v. Oliveras Rivera (In re Garcia Matos),* 478 B.R. 506, 511 (1st Cir. BAP 2012); *Snyder v. Rockland Trust Co. (In re Snyder),* 279 B.R. 1, 2 (1st Cir. BAP 2002). The appeal of each order is timely under Fed. R. Bank. P. 8002. *See Haddock Rivera v. ASUME (In re Haddock Rivera),* 486 B.R. 574, 577 (1st Cir. BAP 2013).

### STANDARD OF REVIEW

When, as here, there are no facts in dispute, our review of an order is *de novo. Stevenson v. Bankowski (In re Stevenson),* 399 B.R. 289, 292 (1st Cir. BAP 2009) (citing *TI Fed. Credit Union v. Del-Bonis,* 72 F.3d 921, 928 (1st Cir.1995)). Generally, an order denying reconsideration is reviewed separately for abuse of discretion. *See In re Garcia Matos,* 478 B.R. at 511. Here, because the order denying reconsideration turned on the same error of law as the order denying § 522(f) relief, and because an error of law is always an abuse of discretion, our review of

---

**2.** The bankruptcy court's minute order does not state the disposition of Ortiz Negron's motion for relief from stay. Later, in its extensive written opinion and order denying Rosado's request for reconsideration, the bankruptcy court indicated that it had lacked jurisdiction of both Ortiz Negron's motion for relief from stay and Rosado's original request for lien avoidance.

the Rule 59(e) order is plenary. *See Rio Mar Assocs., LP, SE v. UHS of Puerto Rico, Inc.,* 522 F.3d 159, 163 (1st Cir.2008). For these reasons a single review will suffice.

## DISCUSSION

The only question before us is whether the bankruptcy court correctly determined that it lacked jurisdiction to determine Rosado's request for lien avoidance after the abandonment.[3] The bankruptcy court's decision was based upon its view that her motion presented a two-party dispute between a debtor and a lien creditor over property which was beyond the bankruptcy court's jurisdictional reach. We disagree because the abandonment had no effect upon the bankruptcy court's authority to determine the § 522(f) motion or its jurisdiction of the debtor's property.

In pertinent part, § 522(f) provides:

Notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of a lien *on an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ... a judicial lien....

11 U.S.C. § 522(f)(1)(A) (emphasis added). This language shows that lien avoidance

under § 522(f) relates solely to property of the debtor.

Bankruptcy jurisdiction of property of the debtor emanates from 28 U.S.C. § 1334(e)(1), which provides:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

(1) *of all the property,* wherever located, *of the debtor* as of the commencement of such case, and of property of the estate....

28 U.S.C. § 1334(e)(1) (emphasis provided).[4] This precise language shows that bankruptcy jurisdiction of property extends separately to property of the debtor and property of the estate. By definition exempt property is property of the debtor.

Property of the estate is not implicated under § 522(f). To avoid the fixing of a lien three factors must be present: "(1) there must be a lien fixed on an interest of the debtor in property; (2) the lien must impair an exemption to which the debtor would have been entitled; and (3) the lien must be a judicial lien." *Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding),* 475 F.3d 428, 431 (1st Cir.2007) (internal citations omitted) (permitting debtor to reopen chapter 7 case to avoid judicial lien). Because property of the estate is not implicated under § 522(f), a bankruptcy court's juris-

---

**3.** In denying Rosado's § 522(f) request, the bankruptcy court never reached Ortiz Negron's defense of res judicata. Therefore, despite the arguments of the parties on the applicability of res judicata, that issue is not properly before us.

**4.** The district court has original and exclusive jurisdiction of all bankruptcy cases and original but not exclusive jurisdiction of all civil proceedings arising under title 11 and arising in or related to cases under title 11. *See* 28 U.S.C. § 1334(a) and (b). The district court also has exclusive jurisdiction of property of the debtor and property of the estate in bank-

ruptcy cases. *See* 28 U.S.C. § 1334(e)(1). In the District of Puerto Rico, the bankruptcy court is authorized to exercise the district court's jurisdiction of cases, proceedings, and property. *See* 28 U.S.C. § 157(a); D.P.R. Civ. R. 83K(a). Rosado's § 522(f) motion is a proceeding arising under title 11 in a case under title 11; and, because this proceeding is a core proceeding to determine the extent of a lien and adjust the debtor-creditor relationship, the bankruptcy court is authorized to enter a final order. *See* 28 U.S.C. § 157(b)(2)(K) and (O).

diction to determine a request under that provision does not lapse upon the trustee's abandonment of the affected property. *See, e.g., In re Fong,* No. 01–00242, 2005 WL 3964429, at *3 (Bankr.D.Hawai'i Nov. 18, 2005); *In re Lafoon,* 278 B.R. 767, 771 (Bankr.E.D.Tenn.2002); *In re Sills,* 126 B.R. 974, 976 (Bankr.S.D.Ohio 1991); *Bennett v. Commercial Credit Plan (In re Bennett),* 13 B.R. 643, 645 (Bankr.D.Mich. 1981).

## CONCLUSION

Based on the foregoing, the orders of the bankruptcy court are **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.