
**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:<br>LATONYA RENA BROOKS,<br>　　　　　　Debtor. | BAP No. NC-23-1173-FSG<br><br>Bk. No. 23-40338 |
| LATONYA RENA BROOKS,<br>　　　　　　Appellant. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
William J. Lafferty, III, Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and GAN, Bankruptcy Judges.

**INTRODUCTION**

The bankruptcy court dismissed debtor LaTonya Rena Brooks'

chapter 7[1] case because she failed to pay a required filing fee. It is

undisputed that she did not pay the $32 fee for filing an amended creditors

list, and the record is unclear whether she fully paid the initial fee for filing

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

her petition.

We discern no error in the bankruptcy court's decision to dismiss the case. Therefore, we AFFIRM.

**FACTS**[2]

**A. Prepetition events**

Ms. Brooks says that she was the caretaker for Carl McCurtis, who owned a home in Oakland, California ("Property"). NDS, LLC and Pearl Younger[3] held separate state court judgments against Mr. McCurtis. The creditors recorded judgment liens against the Property ("NDS Lien" and "Younger Lien").

Mr. McCurtis passed away in January 2021. In December 2021, Ms. Brooks recorded a grant deed apparently executed two years earlier that purported to transfer the Property to her as a "Bona Fide Gift."

Ms. Brooks sought to undo the judgment liens in both state court and federal district court. Not only was she unsuccessful, but she also accrued fee awards against her.

**B. Ms. Brooks' chapter 7 bankruptcy case**

The state court granted NDS authority to sell the Property. A few days prior to the scheduled sale date, Ms. Brooks filed a skeletal chapter 7

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and related cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Mrs. Younger has since passed away. Her husband, Levell Younger, has succeeded to her interest.

petition with a separate list of creditors. She claimed a homestead exemption in the Property.

She also filed an application requesting a waiver of the chapter 7 filing fee. The bankruptcy court denied Ms. Brooks' fee waiver application and instead ordered her to pay the filing fee in four installments.

Ms. Brooks filed motions to avoid the NDS Lien and the Younger Lien, arguing with little explanation that the liens impaired her homestead exemption in the Property. NDS and Mr. Younger opposed the motions.

NDS filed a motion for relief from the automatic stay. It asserted that Ms. Brooks had made no payment on the NDS Lien and that it was not adequately protected. Mr. Younger similarly sought relief from the automatic stay.

Ms. Brooks opposed both motions and again argued that the liens impaired her homestead exemption.

## C. Conversion to chapter 13

While the motions were pending, the bankruptcy court granted Ms. Brooks' request to convert her chapter 7 case to one under chapter 13.

Mr. Younger objected to Ms. Brooks' claimed homestead exemption. The chapter 13 trustee later objected to all of Ms. Brooks' claimed exemptions. As far as we can tell from the record, the bankruptcy court never set these objections for hearing or ruled on them.

Ms. Brooks filed an incomplete and defective chapter 13 plan. The plan mentioned the NDS Lien and asserted that she could avoid it; she

ignored the other claims secured by the Property. It does not appear that Ms. Brooks ever made any plan payments.

The chapter 13 trustee filed a motion to reconvert or dismiss the chapter 13 case for Ms. Brooks' failure to file certain required documents.[4] The chapter 13 trustee and NDS also objected to confirmation of the chapter 13 plan.

After a hearing (at which Ms. Brooks did not appear), the bankruptcy court granted the stay relief motions as to both the NDS Lien and the Younger Lien and denied the lien avoidance motions as moot ("Stay Relief Orders" and "Lien Avoidance Orders") on June 21, 2023. Ms. Brooks did not appeal any of the orders within fourteen days.

**D.    Reconversion to chapter 7**

The bankruptcy court granted the chapter 13 trustee's first motion to reconvert the case to chapter 13.

The chapter 7 trustee gave notice that she intended to abandon the bankruptcy estate's interest in the Property. Ms. Brooks did not oppose the notice or request a hearing. According to Ms. Brooks, the Property was later sold at auction, presumably in the state court proceedings.

**E.    Dismissal for failure to pay filing fee**

Meanwhile, Ms. Brooks filed an amended list of creditors (sometimes

---

[4] Later, the chapter 13 trustee filed a second motion to reconvert the case to chapter 7 due to Ms. Brooks' failure to appear at her § 341(a) meeting of creditors and provide the trustee with payment advices or stubs.

4

called the creditor matrix) in which she disclosed five more unsecured creditors. She did not pay the required $32 filing fee.

On the same day, the bankruptcy court issued an order and notice ("Filing Fee Order") advising that Ms. Brooks had failed to pay the filing fee under 28 U.S.C. § 1930 for "Amended Schedules D, E/F or Matrix." The Filing Fee Order did not state the amount of the unpaid fee. It said that the court would dismiss the case if she failed to either pay the required fee or file a written objection and request a hearing.

When the court issued the Filing Fee Order, Ms. Brooks had not fully paid the fee for filing her initial petition that the court had allowed her to pay in installments. Ms. Brooks says that she attempted to pay the unpaid installments of that fee but did not have sufficient funds. Confusingly, a docket entry made by the clerk fourteen days after the court's Filing Fee Order states that she made a payment of $169, which completed her payment of the petition filing fee. But she did not pay the filing fee required by 28 U.S.C. § 1930 for the amended list of creditors.

The bankruptcy court entered an Order and Notice of Dismissal for Failure to Timely Comply ("Dismissal Order"), which stated that Ms. Brooks had not complied with the Filing Fee Order.

Four days later, Ms. Brooks objected to the Dismissal Order. She addressed the installment payments for her petition but did not specifically mention the filing fee for the amended list of creditors. She explained that she was unemployed and unable to "pay the remaining fees that is

5

outstanding." She acknowledged that she was given a payment schedule and that she had made the first installment payment. However, she stated that she attempted to pay the balance of the filing fee, but she could not withdraw funds from her bank, due to insufficient funds. She requested a fee waiver because she was unable to pay the required fee. These statements are confusing because the court docket reflects that she had in fact paid off the filing fee for her petition a few weeks earlier.

The bankruptcy court construed the objection as a motion to vacate the Dismissal Order and denied the motion. It said that she did not provide any evidence of her attempt to pay, did not object and request a hearing, and did not pay the "appropriate filing fee" under 28 U.S.C. § 1930. The court did not specify whether it was referring to the fee for filing the petition, the fee for filing the amended creditor list, or both.

Ms. Brooks timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158 to review the Dismissal Order and the court's refusal to vacate that order.

## ISSUE

Whether the bankruptcy court erred in dismissing Ms. Brooks' bankruptcy case for failure to pay a filing fee.

## STANDARD OF REVIEW

We review for an abuse of discretion the bankruptcy court's decision

6

to dismiss a case for failure to pay a filing fee. *See Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007) ("We review the bankruptcy court's decision whether or not to dismiss a chapter 7 case for 'cause' for abuse of discretion."); *see generally Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (A dismissal for failure to pay a filing fee, "whether construed as a dismissal for lack of prosecution or as a dismissal for failure to obey an order of the court, is reviewed for an abuse of discretion."). We also review for an abuse of discretion the bankruptcy court's decision on a motion to vacate its ruling. *See United Student Funds, Inc. v. Wylie (In re Wylie)*, 349 B.R. 204, 208 (9th Cir. BAP 2006).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested," and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. Ms. Brooks' miscellaneous arguments regarding a claimed homestead exemption, fraud, false criminal prosecution, and a meeting of creditors do not establish reversible error.

Although Ms. Brooks appeals from the Dismissal Order, she raises a host of other arguments that have nothing to do with her failure to pay the

filing fee. Most of these arguments are beyond our jurisdiction, and even if we could rule on them, we would affirm.

1. **Ms. Brooks' appeal of the Lien Avoidance Orders and Stay Relief Orders is untimely.**

Ms. Brooks argues that the bankruptcy court erred in denying the lien avoidance motions and granting the stay relief motions. Those orders became final months before Ms. Brooks filed her notice of appeal, and this portion of her appeal is untimely.

Under Rule 8002(a)(1), subject to exceptions not applicable here, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "[T]he 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals." *Wilkins v. Menchaca (In re Wilkins)*, 587 B.R. 97, 107 (9th Cir. BAP 2018).

The bankruptcy court entered its Stay Relief Orders and Lien Avoidance Orders on June 21, 2023. These were final, appealable orders, *see Ramos v. Negron (In re Ramos)*, 498 B.R. 401, 403 (1st Cir. BAP 2013) (A § 522(f) order denying lien avoidance is "final because . . . [it does not] leave[ ] anything open for subsequent determination."); *Nat'l Env't Waste Corp. v. City of Riverside (In re Nat'l Env't Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders."), and as such they needed to be appealed within fourteen days, *see* Rule 8002(a)(1). However, Ms. Brooks did not file

her notice of appeal until months later, on October 4, 2023. Because she failed to timely appeal from those orders, we lack jurisdiction to consider them on appeal.

### 2. Ms. Brooks' arguments are meritless.

Even if we were to consider the merits of Ms. Brooks' miscellaneous arguments, we would affirm.

Ms. Brooks contends that she was entitled to avoid the NDS Lien and Younger Lien. She attempts to collaterally attack the state court judgments, arguing that the underlying debts were invalid. But she cannot seek relief from the state court judgments in bankruptcy court. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (explaining that the *Rooker-Feldman* doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that *Rooker-Feldman* bars suits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

She also claims that the bankruptcy court erroneously denied Mr. McCurtis' homestead exemption. But Ms. Brooks cannot assert a homestead exemption on behalf of a (deceased) third party who does not reside at the Property. Furthermore, it is unclear that the bankruptcy court ever "denied" a homestead exemption. There is no order in the record on

appeal concerning the homestead exemption.

Ms. Brooks contends at length that NDS's counsel conspired with the Alameda County District Attorney to bring false criminal charges against her. She provides no evidence to substantiate her suspicions. Even if she had such evidence, disputes about the criminal cases must be resolved in state court, not the bankruptcy court.

Ms. Brooks also says that her meeting of creditors was not completed in the time allotted by law, she had no notice of the meeting, no creditors appeared at the meeting, and no creditors filed a timely proof of claim. She also claims that the bankruptcy court "denied" her redemption, a reaffirmation agreement, a paid-in-full letter, and payment receipts. None of this has anything to do with her failure to pay the filing fee, which is the only reason for the dismissal of her case.

She also alleges that the bankruptcy judge was biased against her, because his rulings always favored the creditors and the criminal charges against her caused him to "automatically frown upon" her. These baseless accusations are unsupported by the record and do not establish any error.

**B.    The bankruptcy court did not err in dismissing the bankruptcy case for Ms. Brooks' failure to pay the filing fee.**

We turn to the only issue over which we have jurisdiction: the bankruptcy court's decision to dismiss Ms. Brooks' bankruptcy case for failure to pay a filing fee. We discern no reversible error.

Section 707(a) provides that "[t]he court may dismiss a case under

10

this chapter only after notice and a hearing[5] and only for cause, including

. . . nonpayment of any fees or charges required under chapter 123 of title

28 . . . ." § 707(a); *see generally In re Gjerde*, 535 B.R. 329, 333 (Bankr. E.D. Cal.

2015) ("To be sure, nonpayment of the filing fee constitutes 'cause' to

dismiss a chapter 7 case and often does lead to dismissal." (citing

§ 707(a)(2))).[6]

28 U.S.C. § 1930 (which is codified in chapter 123 of title 28) governs

statutory filing fees. That section provides that "[t]he Judicial Conference of

the United States may prescribe additional fees in cases under title 11 of the

same kind as the Judicial Conference prescribes under section 1914(b) of

this title." 28 U.S.C. § 1930(b). The Judicial Conference Schedule of Fees

includes a Bankruptcy Court Miscellaneous Fee Schedule (28 U.S.C.

§ 1930), effective December 1, 2023. Subject to exceptions not relevant here,

the fee schedule mandates the payment of a filing fee "[f]or filing an

amendment to the debtor's schedules of creditors, lists of creditors, or

mailing list, $34 . . . ." *See* U.S. Courts, *Bankruptcy Court Miscellaneous Fee

Schedule* (effective Dec. 1, 2023), https://www.uscourts.gov/services-

---

[5] A court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (9th Cir. BAP 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard"). The bankruptcy court may dismiss a case "without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest[.]" § 102(1).

[6] Most of the reported cases under § 707(a) deal with a debtor's failure to pay the fee for filing the initial petition. But the provision is not limited to that situation; rather, it permits dismissal for failure to pay "any" required fee.

forms/fees/bankruptcy-court-miscellaneous-fee-schedule.

Prior to December 1, 2023, the fee for filing the amended creditor list was $32. *See* United States Bankruptcy Court, Northern District of California, *Amended Miscellaneous Filling Fee Schedule* (rev. Dec. 1, 2023), https://www.canb.uscourts.gov/sites/default/files/announcements/2023fees chedulev1.pdf. In other words, Ms. Brooks was required to pay $32 when she filed her amended list of creditors that added new creditors. She failed to do so, and her failure permitted the court to dismiss her case.

Ms. Brooks thinks that the bankruptcy court dismissed her case for failure to pay the installment fees to initiate her chapter 7 case. She says that she did not pay that fee in full and that she attempted to make the final $169 payment, but her bank had frozen her account. She may be mistaken about this because (as we have noted) a clerk's docket entry indicates that she eventually paid the initial filing fee. But we need not resolve this question because there is no dispute that she failed to pay the fee for amending her list of creditors.

The bankruptcy court gave her adequate notice of the required fee. The bankruptcy court's Filing Fee Order directed her to pay the "filing fee in accordance with 28 U.S.C. § 1930" for the amended list of creditors or submit a written objection and request for a hearing, or it would dismiss her case. This notice satisfied §§ 707(a) and 102(1). Although the Filing Fee Order did not state the dollar amount of the fee for filing the amended list of creditors, it directed her to the appropriate statute and advised her that

the fee was triggered by an "Amended Sch D, E/F or Matrix . . . ." Accordingly, the bankruptcy court did not abuse its discretion when it dismissed her case for failure to pay a filing fee mandated by 28 U.S.C. § 1930 for an amended creditor list. (If Ms. Brooks is correct that she also did not fully pay the fee for filing her petition, that would be an independently sufficient reason to dismiss the case.)

Ms. Brooks argues that the bankruptcy court should not have dismissed her case because she was not given a "notice of hearing to appear." But she does not deny that she received the Filing Fee Order directing her to either pay the filing fee or file an objection and request a hearing.

We similarly discern no abuse of discretion in the bankruptcy court's decision to deny her motion to vacate. In order to obtain relief under Rule 9023, the debtor must demonstrate: "(1) manifest error of fact; (2) manifest error of law; or (3) newly discovered evidence." *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. BAP 2007).

Ms. Brooks contended that she unsuccessfully tried to make the final installment payments, but she did not address the fee for the amended list of creditors. She also requested a fee waiver because she said that she was unemployed and was unable to pay the outstanding fees. The bankruptcy court denied the motion because Ms. Brooks did not support any of her factual statements with a declaration or other evidence and had not paid the filing fee. It was not required to accept her unsworn representation that

13

she could not pay the fee. It was within its discretion to deny the motion to vacate and reaffirm the Dismissal Order.

## CONCLUSION

The bankruptcy court did not err in dismissing Ms. Brooks' bankruptcy case for failure to pay a required filing fee. Accordingly, we AFFIRM.