FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

―――――――――――――――――

**BAP NO. PR 24-005**

―――――――――――――――――

**Bankruptcy Case No. 22-02691-ESL**
**Adversary Proceeding No. 23-00050-ESL**

―――――――――――――――――

**ANA LUISA TOLEDO DÁVILA,**
**Debtor.**

―――――――――――――――――

**ANA LUISA TOLEDO DÁVILA,**
**Plaintiff-Appellant,**

**v.**

**LUNA RESIDENTIAL II, LLC,**
**PLANET HOME LENDING, LLC,**
**BANCO POPULAR DE PUERTO RICO, AND**
**MATILDE DEL ROSARIO TOLEDO DÁVILA,**
**Defendants-Appellees.**

―――――――――――――――――

**Appeal from the United States Bankruptcy Court**
**for the District of Puerto Rico**
**(Enrique S. Lamoutte, U.S. Bankruptcy Judge)**

―――――――――――――――――

**Before**
**Cary, Fagone, and Katz, U.S. Bankruptcy Appellate Panel Judges.**

―――――――――――――――――

**Ana Luisa Toledo Dávila, Esq., pro se, on brief for Appellant.**
**Shanna M. Boughton, Esq., T. Dylan Reeves, Esq., and Rudy J. Cerone, Esq., on brief for**
**Appellees, Luna Residential II, LLC and Planet Home Lending, LLC.**

―――――――――――――――――

**August 19, 2025**

―――――――――――――――――

**Fagone, U.S. Bankruptcy Appellate Panel Judge.**

The chapter 7 debtor requested a determination from the bankruptcy court that she owned her residence free and clear of all liens, claims, and encumbrances, except for property taxes. The debtor's request was predicated entirely on the laws of Puerto Rico. Because the property had been abandoned by the trustee and the outcome of the proceeding would have no impact on the bankruptcy estate, the court dismissed the complaint for lack of subject matter jurisdiction. Unhappy with this result, the debtor appealed. For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

On her bankruptcy schedules, the debtor listed her residence as her primary asset, which she valued at almost $2 million. The debtor identified Luna Residential II, LLC as the holder of a claim for $520,000, a claim secured by a lien on her residence. She also claimed an exemption for the full value of the property under the Puerto Rico homestead statute. After a dispute over the debtor's claimed exemptions, the debtor and the chapter 7 trustee reached a stipulation resolving their differences. Per the stipulation, which was approved by the court, the trustee abandoned the residence under 11 U.S.C. § 554. The stipulation also provided, in pertinent part, that after abandonment of the residence, the debtor was "expressly authorized and granted sufficient authority to pursue any and all litigation related to any lien, encumbrance[,] or mortgage over the [residence] pursuant to the provisions of the Bankruptcy Code" and other applicable laws.

The debtor then commenced an adversary proceeding against Luna and several other defendants seeking a determination that she owned her residence free and clear of liens, claims, and encumbrances, except for property taxes. She also asked the bankruptcy court to order the registrar to cancel the mortgage over her homestead. The debtor's complaint did not invoke any

substantive provisions of the Bankruptcy Code. Instead, the debtor asserted that the local court had ruled in a pre-petition foreclosure action that Luna's predecessor, Banco Santander de Puerto Rico, had not proven it was the good faith holder of the note. This ruling, she contended, had preclusive effect in her bankruptcy case. As Santander could not transfer that which it did not hold, the debtor asserted, Luna was not a good faith transferee of the note or the mortgage under Puerto Rico law. Thus, in the debtor's view, there was no valid mortgage on her residence.

Luna moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. It maintained that the bankruptcy court lacked jurisdiction under 28 U.S.C. § 1334(b) because the abandoned property was no longer property of the estate, and there was no nexus between the relief sought in the complaint and the administration of the estate.[1]

The debtor countered that upon abandonment, her residence became "property of the debtor" over which the bankruptcy court retained jurisdiction under 28 U.S.C. § 1334(e)(1). She also asserted that the bankruptcy court had jurisdiction under 28 U.S.C. § 1334(b), because her complaint was a proceeding under 28 U.S.C. § 157(b)(2)(K) to determine "the validity, extent, or priority of liens," and as the outcome of the adversary proceeding would impact her homestead exemption and the scope of her discharge.

The bankruptcy court sided with Luna. The court ruled that it lacked jurisdiction because the adversary proceeding did not "arise under" the Bankruptcy Code, or "arise in" or "relate to" the bankruptcy case within the meaning of 28 U.S.C. § 1334(b). The court observed that the issues raised in the complaint were based wholly on Puerto Rico law and did not depend on the

---

[1] Alternatively, Luna argued that the bankruptcy court should abstain from hearing the complaint under 28 U.S.C. § 1334(c). However, as the bankruptcy court ultimately dismissed the complaint for lack of subject matter jurisdiction, it did not reach the abstention issue, and we need not address it here.

bankruptcy case for their existence. Further, the court ruled that a determination of whether the debtor owned the abandoned property free and clear of liens would not impact the administration of the bankruptcy case, property of the estate, or the distribution to creditors.

This appeal followed. And, while this appeal was pending, the debtor asked for and received a chapter 7 discharge.

## APPELLATE JURISDICTION AND STANDARD OF REVIEW

The judgment dismissing the debtor's complaint is final as it concluded the adversary proceeding. See Burgess v. JPMorgan Chase Bank, N.A. (In re Burgess), BAP No. EP 20-016, 2021 WL 2073447, at *3 (B.A.P. 1st Cir. May 21, 2021) (concluding that order dismissing complaint for lack of jurisdiction was a final order). Thus, we have jurisdiction over this appeal. See 28 U.S.C. § 158(a)-(c). We review the bankruptcy court's legal conclusion that it lacked subject matter jurisdiction de novo. Boudreau v. United States (In re Boudreau), 622 B.R. 817, 823 (B.A.P. 1st Cir. 2020).

## DISCUSSION

A motion to dismiss under Rule 12(b)(1) "raises the fundamental question" of whether the court has authority to resolve a dispute. 5B Fed. Prac. & Proc. Civ. § 1350 (4th ed. 2025). When a court determines it lacks subject matter jurisdiction, it must dismiss the complaint without reaching the merits. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(h); see also Office of Workers' Comp. Programs v. Bath Iron Works Corp., 853 F.2d 11, 13 (1st Cir. 1988) ("No matter how tantalizing a problem may be, a federal . . . court cannot scratch intellectual itches unless it has jurisdiction to reach them.").

The debtor raises two gating issues that we need not grapple with at length. First, we are not persuaded that the bankruptcy court was unable to enter a final judgment dismissing the

4

complaint in the absence of express consent from the debtor's sister, who was also named as a defendant. Even if the sister's consent was required, we can easily imply such consent because she separately moved to dismiss the complaint. See Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 684-85 (2015) (concluding that consent may be implied for purposes of 28 U.S.C. § 157). Second, notwithstanding the debtor's suggestion to the contrary, Luna had standing to seek dismissal of the complaint under Rule 12(b)(1). See Yellow Pages Photos, Inc. v. Ziplocal, LP, 795 F.3d 1255, 1265 (11th Cir. 2015) ("[A]ny defendant against whom relief is sought will generally have standing to defend due to its exposure to an adverse judgment[.]"); Rivera v. JP Morgan Chase Bank (In re Rivera), Adv. Pro. No. 13-01280, 2014 WL 287517, at *2 n.3 (Bankr. E.D. Va. Jan. 27, 2014) ("A party always has standing to defend itself, when it has been sued.").

Rule 12(b)(1) motions challenging subject matter jurisdiction fall into two categories: "factual challenges" and "facial challenges." Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021). A factual challenge disputes the allegations of the complaint and requires factfinding. Id. A facial challenge to subject matter jurisdiction—like the motion brought by Luna—turns on a question of law and therefore requires no factfinding. Id. In deciding a Rule 12(b)(1) motion that raises a facial challenge, a court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996) (citation omitted).[2]

---

[2] The debtor argues that the bankruptcy court erred in its application of the Rule 12(b)(1) standard because it overlooked facts asserted in her complaint, but we discern no such error. The court articulated the correct legal standard and concluded that it lacked subject matter jurisdiction based on an undisputed procedural event in the debtor's chapter 7 case, namely the trustee's abandonment of the property.

The subject matter jurisdiction of the bankruptcy courts, "like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). That jurisdiction cannot be created by agreement and was not expanded by the stipulation approved by the bankruptcy court, even under the most expansive view of the stipulation's terms. See Allard v. Coenen (In re Trans-Indus., Inc.), 419 B.R. 21, 28 (Bankr. E.D. Mich. 2009) ("[P]arties cannot create subject matter jurisdiction by mere admission or stipulation."); accord Quinn v. City of Bos., 325 F.3d 18, 26 (1st Cir. 2003) ("[P]arties cannot confer subject matter jurisdiction on a federal court by . . . consent.") (citations omitted). "The general grant of bankruptcy jurisdiction is found in 28 U.S.C. § 1334[.]" In re Boudreau, 622 B.R. at 824. Section 1334(a) grants the district courts original and exclusive jurisdiction over all cases under title 11, and § 1334(b) grants the district courts original, but not exclusive, jurisdiction over all proceedings "arising under" title 11, or "arising in" or "related to" a case under title 11. 28 U.S.C. § 1334(a)-(b). The district courts also have exclusive jurisdiction over "all the property, wherever located, of the debtor as of the commencement of [the] case, and of property of the estate." 28 U.S.C. § 1334(e)(1). As authorized by 28 U.S.C. § 157(a), the U.S. District Court for the District of Puerto Rico has referred to the U.S. Bankruptcy Court for the District of Puerto Rico all matters over which the district court has jurisdiction under 28 U.S.C. § 1334(a) and (b). See D.P.R. L.Civ.R. 83K(a) (2024).

Here, the bankruptcy court correctly concluded that 28 U.S.C. § 1334(a) and (b) did not confer subject matter jurisdiction over the debtor's complaint. The adversary proceeding is not a "case[] under title 11" within the meaning of § 1334(a). See New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 66 (1st Cir. 2002) ("A case under title 11 is the bankruptcy petition itself[.]"). The proceeding did not "arise

6

under" the Bankruptcy Code, as the issues raised in the complaint were based wholly on Puerto Rico law and did not invoke any substantive rights provided by the Bankruptcy Code. See Reyes-Colón v. Banco Popular de P.R., 110 F.4th 54, 65 (1st Cir. 2024) (stating that a proceeding "arises under" title 11 "where the Bankruptcy Code itself creates the cause of action or provides the substantive right invoked"). The debtor's claims did not "arise in" her bankruptcy case, as they were not claims that arise only in a bankruptcy proceeding; lien disputes "can and do exist outside the bankruptcy context." Maxwell v. HSBC Mortg. Corp. (In re Maxwell), Adv. Pro. No. 12-5284, 2012 WL 3678609, at *2 (Bankr. N.D. Ga. Aug. 22, 2012); see also Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662-63 (1st Cir. 2017) (stating that "arising in" proceedings are "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy") (citations omitted). And the debtor's claims were not "related to" her bankruptcy case for purposes of § 1334(b), as a resolution of the lien dispute would have no impact on the bankruptcy estate. See In re Maxwell, 2012 WL 3678609, at *2 (stating that "related to" jurisdiction "is not so broad as to encompass litigation of claims arising under state law . . . that will not have an effect on the bankruptcy estate") (citation and internal quotation marks omitted); see also Gupta, 858 F.3d at 663 (defining "related to" proceedings as those with the potential to affect the bankruptcy estate). Once the property was abandoned by the trustee under § 554, it ceased to be property of the estate, and the dispute concerning Luna's lien ceased to have any potential impact on the estate. See Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.), 303 B.R. 688, 700 (B.A.P. 1st Cir. 2004) ("Upon abandonment the property reverts to the party with the possessory interest.") (citation omitted). Abandonment was therefore a jurisdictionally significant event, removing the lien dispute from the ambit of "related to" jurisdiction. See Travers v. Bank of

7

Am., N.A. (In re Travers), 507 B.R. 62, 72 (Bankr. D.R.I. 2014) (concluding that related to jurisdiction over debtor's complaint to rescind mortgage under nonbankruptcy law "evaporated upon the Trustee's abandonment" of the rescission claim because the outcome of the complaint would have no impact on the bankruptcy estate).[3]

The debtor insists that the outcome of the adversary proceeding would affect her exemption and the scope of her discharge. It would not. The scope of a chapter 7 discharge is a function of 11 U.S.C. § 727(b); the effect of discharge is governed by 11 U.S.C. § 524. Any lien held by Luna passed through the chapter 7 case, notwithstanding the debtor's discharge. See Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991) (explaining that a debtor's personal liability for a debt secured by a mortgage is extinguished by a chapter 7 discharge but the creditor's right to foreclose on a mortgage survives the bankruptcy); Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."). Moreover, the exemption and the mortgage are creatures of Puerto Rico law, and the Puerto Rico courts are capable of resolving any remaining disputes between the debtor and Luna relative to the property (including whether the prior litigation has the preclusive effect now claimed by the debtor). The debtor's exempt property remains liable for a debt secured by a lien that is not void under § 506(d) and not avoided under certain other Code provisions. 11 U.S.C. § 522(c).[4]

---

[3] Because the bankruptcy court lacked subject matter jurisdiction under 28 U.S.C. § 1334(a) and (b), there is no need to evaluate whether the dispute qualified as a core proceeding under 28 U.S.C. § 157(b)(2)(K). "Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction." Stern v. Marshall, 564 U.S. 462, 480 (2011) (citations omitted).

[4] As noted, the debtor did not invoke § 506(d) (or any other Code provisions) in her complaint. And, even if she had, that alone would not confer jurisdiction. As previously discussed, the dispute concerning the enforceability of the lien under Puerto Rico law did not arise under or arise in title 11, and it did not relate to a case under title 11 either, as the dispute—after abandonment of the property—would not affect the estate.

The only other possible basis for the bankruptcy court's jurisdiction is 28 U.S.C. § 1334(e)(1), which gives the bankruptcy court exclusive jurisdiction over all property of the debtor as of the commencement of the case and all property of the estate, regardless of where that property is located. The debtor interprets this provision broadly to mean that the bankruptcy court had jurisdiction over the lien dispute under § 1334(e)(1) because it concerned her property. In support of her preferred construction of § 1334(e)(1), the debtor cites Rosado Ramos v. Ortiz Negron (In re Rosado Ramos), 498 B.R. 401 (B.A.P. 1st Cir. 2013). The debtor's reliance on Rosado Ramos is misplaced. In Rosado Ramos, the bankruptcy court had subject matter jurisdiction over a dispute under 11 U.S.C. § 522(f), even though the property in question had been abandoned and was no longer property of the estate. See id. at 404 & n.4; see also 28 U.S.C. § 1334(b). In Rosado Ramos, there was "arising under" jurisdiction. That is not the case here, and the bankruptcy court correctly concluded as much, and dismissed the complaint on that basis. See Porretto v. City of Galveston Park Bd. of Trs., 113 F.4th 469, 486 (5th Cir. 2024) (concluding that § 1334(b) provided "the proper lens through which to analyze the exercise of bankruptcy jurisdiction over" claims related to the debtor's property that had been abandoned by the trustee). In the absence of controlling or persuasive authority, we are unwilling to construe § 1334(e) as providing an independent basis for bankruptcy jurisdiction when subject matter jurisdiction is lacking under § 1334(a) and (b).

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.